UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMANDO MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-0582 |
| | § | |
| MARLOW TRADING, S.A., | § | |
| M/V PERLA, *in rem*, and FOREIGN | § | |
| CREW EMPLOYMENT SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Marlow Trading, S.A. and Foreign Crew Employment Services, Inc.'s ("FCES") Motion to Dismiss on Grounds of *Res Judicata* (Dkt. #16). After careful consideration of the parties' arguments, the entire record, and the applicable law, the Court is of the opinion that the motion should be GRANTED in part and DENIED in part, as explained below.

**Factual and Procedural Background**

Plaintiff, Armando Martinez, a Honduran national, was injured while working aboard the M/V PERLA, a vessel in navigation that is owned and operated by Marlow Trading. The injury occurred while the vessel was docked in Coatzacoalcos, Mexico. After reporting the accident and injury, Martinez was permitted to leave the vessel in order to obtain medical treatment in Coatzacoalcos. Dr. Jose Cruz Santes, a Mexican neurosurgeon, apparently diagnosed Martinez with a herniated L5-S1 disc with compression of the dural sac. Following this diagnosis, Martinez re-boarded the vessel and worked at light duty status for the duration of the voyage. From Coatzacoalcos, the vessel departed to Panama where Martinez was discharged and repatriated to Honduras.

Upon his return to Honduras, Martinez received a second opinion from a Honduran neurosurgeon named Dr. Rigoberto Diaz Estrada. Dr. Estrada confirmed the earlier diagnosis, and

recommended a course of treatment. All subsequent treatments of Martinez were performed in Honduras by Honduran doctors. While in Honduras, Martinez apparently contacted the owner of FCES in order to secure medical care from Marlow Trading. Marlow Trading, existing under the laws of Greece, obtained their Honduran seamen from FCES, a crew agency operating out of New Orleans, Louisiana. Martinez's request for medical care was forwarded to Marlow Trading in Greece, but received no response.

Martinez filed suit in Civil District Court in Orleans Parish against Marlow Trading alleging unseaworthiness of the vessel, that Marlow Trading was negligent under the Jones Act, and that Marlow Trading was liable for maintenance and cure damages. Martinez also sued FCES as an agent of Marlow Trading for maintenance and cure. Marlow Trading and FCES filed a Motion to Dismiss in the trial court arguing that Orleans Parish was not an appropriate forum and that Panama or Honduras would be more appropriate. FCES, separately, filed an exception of no cause of action based upon its assertion that under general maritime law a seaman only has a claim for maintenance and cure against his direct employer.

The state trial court granted the motion to dismiss based upon the doctrine of forum non conveniens and conditioned the dismissal, " . . . as set forth in the Louisiana Code of Civil Procedure Article 123(C), on the plaintiff being allowed to move for reinstatement of this same cause of action in this same forum in the event that suit on the same cause of action or on any cause of action arising out of the same transaction or occurrence is commenced in an appropriate foreign forum within sixty (60) days after the rendition of this Judgment of Dismissal and such foreign forum is unable to assume jurisdiction over the parties or does not recognize such cause of action or any cause of action arising out of the same transaction or occurrence." Additionally, the trial court granted FCES' Partial Exception of No Cause of Action and dismissed FCES with prejudice. Martinez appealed.

Before the resolution of his appeal, Martinez filed this lawsuit on February 13, 2004. *See* Dkt. #1. During the pendency of the appeal, however, this Court stayed the instant action at the request of the parties. On February 2, 2005, the Louisiana Fourth Circuit Court of Appeal issued its opinion affirming the lower court. *See Martinez v. Marlow Trading, S.A.*, 894 So. 2d 1222, 1229 (La. Ct. App. 4th Cir. 2005). In doing so, the court noted that "Panama or Honduras have a greater connection to the trial and therefore it would be an unfair burden to place upon the citizens of Orleans Parish to have to serve on a jury." *Id*. at 1227-28. Based upon this outcome, Defendants filed their motion to dismiss arguing that the doctrine of *res judicata* precludes Martinez's prosecution of this action in this forum. Martinez filed a timely response to Defendants' motion, to which Defendants' have replied.

## Discussion

Defendants seek dismissal of Martinez's claims on the grounds of *res judicata*. Specifically, Defendants submit that the prior dismissal based on the doctrine of *forum non conveniens* ("FNC") resolved the issue between these parties as to the appropriate forum in which to litigate these claims. Therefore, Defendants contend that Martinez cannot "shop other U.S. forums for a claim that belongs in Honduras or Panama." Furthermore, Defendants argue that Martinez's claim against FCES for maintenance and cure is also barred by *res judicata* because it was dismissed with prejudice by the Louisiana court for failure to state a cause of action. The Court will address each issue below.

I. *Forum Non Conveniens*

The canon of *res judicata* encompasses two separate, but interrelated doctrines: 1) true *res judicata* or claim preclusion; and 2) collateral estoppel or issue preclusion. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir.2005). While claim preclusion "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit, ... [c]ollateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was

3

actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." *Id*. at 571, 572. Dismissal on FNC grounds does not establish claim preclusion; therefore, the inquiry here is whether the *issue* of the appropriate forum for this lawsuit was resolved by the Louisiana courts such that collateral estoppel bars the re-litigation of the issue by this Court. *See Exxon Corp. v. Chick Kam Choo*, 817 F.2d 307, 312 (5th Cir. 1987), *rev'd on other grounds*, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988)).

In support of their position, Defendants rely heavily on the Fifth Circuit's decision in *Chick Kam Choo*, as well as its decision in *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489 (5th Cir. 1993). In *Chick Kam Choo*, the Fifth Circuit concluded that a dismissal on FNC grounds by a federal district court in Houston precluded a party from asserting the same claims in a state court located in same city. *Chick Kam Choo*, 817 F.2d 307 at 324. The court noted that dismissal on FNC grounds does not ordinarily "work issue preclusion as to other courts because the convenience issues are intrinsically different, but issue preclusion is appropriate if the issue actually remains the same." *Id*. at 312 (quoting 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 4436, at 346 (1981)). The court explained further that "[i]n the case of [FNC], the plaintiff in the new forum must do more than ask for a rebalancing of [FNC] considerations." *Id*. at 314. Rather, "[h]e must show objective facts relevant to the issue that materially alter the considerations underlying the previous resolution." *Id*. Because the issue of convenience as between Singapore and both federal and state courts in Houston presented the same considerations for FNC analysis, the plaintiff in *Chick Kam Choo* was unable to overcome the issue preclusion doctrine. *Id*. at 313.

In *Villar*, the Fifth Circuit affirmed a district court's dismissal after the lower court determined that the FNC issue had already been fully litigated by two California federal courts. *Villar*, 990 F.2d at 1498. The Fifth Circuit noted that the California courts had previously determined that "no forum

4

in the United States was convenient." *Id*. Thus, as in *Chick Kam Choo*, the Villars were required to demonstrate that the underlying facts had materially changed such that the FNC conclusion reached by the California courts no longer applied. Because those facts had not changed, the Fifth Circuit agreed that dismissal was appropriate. *Id*.

Unlike the FNC issues before the courts in *Chick Kam Choo* and *Villar*, the previous decision in this case has not already resolved the convenience issue at bar. Here, the issue is the relative convenience or inconvenience of trying this lawsuit in a federal district court in Houston compared to the other forums noted by the Louisiana state courts—Honduras or Panama. In the Louisiana courts, however, the issue was the relative convenience of Orleans Parish compared to Honduras or Panama. Unlike *Villar*, the earlier finding relied upon by Defendants to support preclusion in this case does not extend to all forums in the United States. Rather, it was specifically limited to a consideration of that forum, and thus, does not serve to resolve the convenience issue as to Houston. As a result, Defendants' request to dismiss on this basis is inappropriate.[1]

## II.     FCES's Liability for Maintenance and Cure

Defendants also seek to dismiss Martinez's claim against FCES for maintenance and cure on the basis of *res judicata*. In the earlier action, the trial court "granted FCES' Partial Exception of No Cause of Action and dismissed FCES with prejudice." *Martinez v. Marlow Trading, S.A.*, 894 So. 2d

---

[1]The Court notes that its conclusion on the estoppel issue is not to be taken as an indication of its belief as to the convenience of the Houston forum in relation to either Honduras or Panama. That issue is not before the Court. In *Villar*, the district court considered an alternative request to dismiss on FNC grounds and reached the same result. *See Villar*, 990 F.2d at 1493. Similarly, in *Mizokami Bros. of Arizona v. Mobay Chemical Corp.*, 660 F.2d 712 (8th Cir. 1981), the Eighth Circuit reversed a district court's determination that an Arizona federal district court's earlier FNC dismissal served as *res judicata* as to the FNC issue in the Missouri forum. The court noted that the Arizona court had not concluded that the lawsuit had to be re-filed in Mexico—only that Mexico was a more convenient forum than Arizona for purposes of resolving the FNC motion. *Id*. at 716. The Eighth Circuit, however, went on to approve the district court's ultimate dismissal of the lawsuit, which was based on an alternative request by the defendant to dismiss on FNC grounds. *Id.*at 719. In this case, Defendants have not made an alternative request to dismiss on FNC grounds. Thus, the Court will not consider that issue.

1222, 1225 (La. Ct. App. 4th Cir. 2005). In particular, the trial court determined that FCES was an agent of Marlow Trading and, as an agent, was not liable for maintenance and cure damages. *Id.* at 1224. After conducting a *de novo* review, the appellate court also concluded that "FCES as Marlow's agent is not liable to Mr. Martinez for maintenance and cure." *Id.* at 1228-29. This Court finds that this conclusion cannot be disturbed.

Under Louisiana law, a dismissal for no cause of action indicates that the law does not provide a remedy against a particular defendant. *See Downs v. Hammett Properties, Inc.*, 899 So.2d 792 (La. Ct. App. 2d Cir. 2005). In the previous lawsuit, Martinez sought to recover from FCES for the denial of maintenance and cure. Martinez's claim against FCES was soundly rejected. As Martinez notes, the decision in *Abogado v. International Marine Carriers*, 890 F. Supp. 626, 632 (S.D. Tex. 1995), instructs that a seaman does not have a cause of action against the vessel's agent for maintenance and cure, but that a seaman could seek punitive damages from a vessel's agent for denial of maintenance and cure. *Id.* at 634. Shortly after the decision in *Abogado*, however, the Fifth Circuit concluded that punitive damages were no longer available for denial of maintenance and cure. *See Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1512 (5th Cir. 1995). Despite these apparent roadblocks, Martinez contends that he is seeking an award of attorneys' fees from FCES related to denial of maintenance and cure, and that such relief is not precluded by the Louisiana state court judgments.

Martinez points to the Fifth Circuit's opinion in *Guevara* to support his position that an independent claim for attorneys' fees exists against a vessel's agent. However, Guevara did not involve an agent or agent liability. The decision merely acknowledges that a seaman, although barred from recovering punitive damages against his employer, can still recover attorneys' fees from his employer. Martinez does not cite any precedent, nor can this Court locate any authority post-*Abogado* and *Guevara* in support of an independent cause of action by a seaman against a vessel's agent for attorneys' fees. Thus, there is certainly a sound basis in this Court's view for the Louisiana state

6

courts' conclusion that Martinez has no remedy against FCES. Even if there were not, this issue and this claim have already been resolved, and it is not this Court's place to undo that previous judgment. Thus, dismissal as to Martinez's maintenance and cure claims against FCES are appropriate.

## Conclusion

For the foregoing reasons, Marlow Trading, S.A. and FCES's Motion to Dismiss of Grounds of Res Judicata is hereby GRANTED in part and DENIED in part.

It is so ORDERED.

Signed this 2nd day of February, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE